Document 1

Document 2

Document 3

```
                        JUDGMENT
                                          FILED: May 9, 2007

                 UNITED STATES COURT OF APPEALS

                            for the

                         Fourth Circuit


                         No. 06-1970
                          A97-203-892


FASIL TAKLETSADIK

     Petitioner

          v.

ALBERTO R. GONZALES, Attorney General

     Respondent


                         - - - - - - -
     On Petition for Review of an Order of the Board of
                     Immigration Appeals
                         - - - - - - -
```

In accordance with the written opinion of this Court filed this day, the Court denies the petition for review.

A certified copy of this judgment will be provided to the Agency upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

```
                              /s/ Patricia S. Connor
                              _____
                                         CLERK
```

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1970

FASIL TAKLETSADIK,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-203-892)

Submitted:  April 25, 2007　　　　　　　　　Decided:  May 9, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jason A. Dzubow, MENSAH, BUTLER & DZUBOW, PLLC, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fasil Takletsadik, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying a motion to reconsider its prior order denying his motion to reopen proceedings. We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying the motion to reconsider. See 8 C.F.R. § 1003.2(a) (2006); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). Accordingly, we deny the petition for review for the reasons stated by the Board.[*] See In re Takletsadik, No. A97-203-892 (B.I.A. Aug. 7, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We lack jurisdiction over any challenge to the Board's order denying the motion to reopen, because Takletsadik failed to file a timely petition for review from that order. See Stone v. INS, 514 U.S. 386, 405 (1995) (holding filing of reconsideration motion does not toll time period for filing petition for review).

- 2 -

```
                UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

                              NOTICE OF JUDGMENT
                                 May 9, 2007
```

TO:     Jason Alexander Dzubow, Esq.
        Song E. Park, Esq.
        Carol Federighi, Esq.
        Jessica E. Sherman, Esq.
        Michelle Gorden Latour, Esq.

        Judgment was entered this date in Case Number(s):   06-1970

        The Court's decision is enclosed.

                      PETITION FOR REHEARING (FRAP 40)
                     PETITION FOR REHEARING EN BANC (FRAP 35)

Filing    A petition must be received in the clerk's office within 14
Time      days after judgment to be timely. There are three exceptions
          to this rule:

          (1)  In all civil cases in which the United States or an agency
          or officer thereof is a party, any petition for rehearing must
          be received in the clerk's office within 45 days after entry of
          judgment.

          (2)  The Court may grant an extension of time or leave to file a
          petition for rehearing out of time if the party establishes that
          the delay resulted from the death or serious illness of counsel
          or a family member (or of a party or family member in pro se
          cases) or other circumstances wholly beyond the control of counsel
          or a party proceeding without counsel.

          (3)  Prisoner petitions are deemed filed when delivered to
          prison authorities.

          If a petition for rehearing en banc is to be filed, it must be
          filed at the same time and in the same document as the petition
          for rehearing and must be clearly identified in the title.

          Each case number to which the petition applies must be listed
          on the petition, even in companion or consolidated cases.
          Failure to list the individual case numbers on the petition
          will result in the unidentified cases proceeding to mandate
          even if a timely petition for rehearing has been filed in a
          companion or consolidated case.

          A timely filed petition for rehearing or petition for rehearing
          en banc will stay the mandate and toll the running of time for
          filing a petition for writ of certiorari.

Purpose   A petition should only be made to direct the Court's attention
          to one or more of the following situations:

          1. A material fact or law overlooked in the decision.
          2. A change in the law which occurred after the case was submitted
             and which was overlooked by the panel.
          3. The opinion is in conflict with a decision of the United States

|  |  |
|---|---|
| | Supreme Court, this Court, or another court of appeals, and the conflict is not addressed in the opinion.<br>4. The proceeding involves one or more questions of exceptional importance. |
| Statement of Counsel | A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section. The points to be raised shall be succinctly listed in the statement. |
| Form | The 15 page limit allowed by the Rule shall be observed. The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition. |

## BILL OF COSTS (FRAP 39)

|  |  |
|---|---|
| Filing Time | A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 05/23/07. |

## MANDATE (FRAP 41)

|  |  |
|---|---|
| Issuance Time | In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance. If the petition or motion is denied, the mandate will issue 7 calendar days later. If a stay of mandate is sought, only the original of a motion need be filed. |
| Stay | A motion for stay of the issuance of the mandate shall not be granted simply upon request. Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay. |

## CRIMINAL CASES (Plan in Implementation of the CJA)

|  |  |
|---|---|
| Criminal | In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court. Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later. |

## PETITION FOR WRIT OF CERTIORARI (Sup.Ct.R. 13)

|  |  |
|---|---|
| Filing Time | Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from the issuance of the mandate. If a petition for rehearing is timely filed, the time runs from the |

denial of that petition.  Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court.